# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by Children's Healthcare of Atlanta, Inc. ("Defendant," the "Company," or "Children's"), and Vanessa Pascale Rust ("Rust" or "Plaintiff"). Plaintiff and Defendant are each a "Party" and collectively the "Parties." The Parties agree to settle the matter of the claims asserted in *Vanessa Rust v. Children's Healthcare of Atlanta, Inc.* in the United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action No. 1:21-cv-042750-AT-RGV (the "Action").

## RECITALS

WHEREAS, Plaintiff filed claims against Defendant in the Action which included allegations of unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA");

WHEREAS, after a mediation with United States Magistrate Judge Alan J. Baverman on March 9, 2022, the Parties have reached a settlement on Plaintiff's claims in the Action;

WHEREAS, Defendant denies, and continues to deny, the allegations in the Action and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Action or otherwise; nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense and uncertainty of continued litigation, the Parties have agreed to settle Plaintiff's claims in the Action on the terms and conditions set forth in this Agreement;

WHEREAS, the Parties recognize the outcome of the Action would be uncertain and continued litigation would require additional risk, discovery, time and expense having the potential to be disproportionate to its potential benefits to Plaintiff or Defendant; and

WHEREAS, counsel have investigated and evaluated the facts and law relating to the claims asserted in the Action; after balancing the benefits of settlement with the costs, risks, and delay of continued litigation, Plaintiff and Plaintiff's Counsel (defined below) believe the settlement of FLSA claims as provided in this Agreement is in the best interests of Plaintiff and represents a fair, reasonable, and adequate resolution of Plaintiff's FLSA claims.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENT

1. **Consideration:**

    a.  Defendant will pay, within thirty (30) days after all of the following: (1) final approval by the Court; (2) Rust signs this Agreement and Defendant's counsel receives the signed Agreement; (3) Defendant receives the required W-9 forms completed by Rust and Scott Employment Law, P.C.,; and (4) an Order from the Court approving this Agreement and the subsequent dismissal of the Action with prejudice by entry of the parties' stipulated judgment,

the gross settlement amount of $5,100.00 (the "Amount"), to settle Plaintiff's FLSA claims in the Action, inclusive of all damages, penalties, interest, attorney's fees, and costs and expenses of litigation.

      b.      The gross amount paid to Plaintiff of $3,100.00, will be paid by payroll check for the (disputed) unpaid wages claim, subject to deduction for taxes and withholdings, and with Defendant's payment of usual and customary employer payroll taxes, reported as to the IRS and Plaintiff by IRS Form W-2.

      c.      The Parties agree that $2,000.00 of the Amount will be paid to Plaintiff's Counsel (payable to "Scott Employment Law, P.C.") for attorney's fees and all costs and expenses of litigation, by IRS Form 1099.

      d.      Payment by the dates set forth above shall be made by delivery of payment to Plaintiff's Counsel, at Scott Employment Law, P.C., 160 Clairemont Ave, Suite 610, Decatur, GA 30030.

      e.      In consideration for payment of the Amount, Plaintiff gives the release specified below in Section 2 and her agreement to be bound by the other promises and provisions contained in this Agreement.

**2. Release of Wage and Hour Claims:**

      a.      Plaintiff, for herself and her spouse, heirs, attorneys, executors, administrators, representatives, successors and assigns, hereby finally and fully release and forever discharges the Defendant, its predecessors, former and current parents and subsidiaries and related and affiliated companies, and their respective past and present employees, owners, directors, officers, agents, shareholders, investors, members, insurers, attorneys, executors, assigns, and other representatives of any kind, whether or not acting in their official capacity, and all persons acting by, through, under, or in concert with any of them (collectively, the "Released Parties") from all liability, claims, damages, attorney's fees, costs and expenses, and causes of action of every kind in connection with matters, facts or events through the date of Plaintiff's execution of this Agreement relating to all lawsuits, claims, demands, and any other types of actions for unpaid wages, overtime, failure to pay timely wages, retaliation, and other compensation, attorneys' fees, costs and expenses, liquidated damages, interest, penalties, benefits, injunctive relief, declaratory relief, equitable relief, and all other relief, under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and all other federal, state, and local wage/hour and wage payment laws and common law theories arising or accruing prior to the date of Plaintiff's execution of this Agreement that Plaintiff has or may have, whether known or unknown (the "Released Claims"), against the Released Parties. This Release shall be construed as broadly as permitted by law.

Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, SEC., etc.), nor limits Plaintiff from exercising her rights under Section 7 of the NLRA to engage in protected, concerted activity with other employees. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made in any charge,

complaint, lawsuit or other proceeding brought by Plaintiff or on Plaintiff's behalf by any third party, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies from the Released Parties on the Released Claims, except for any right Plaintiff may have to receive a payment or award from a government agency (and not the Released Parties) for information provided to a government agency.

**3. No Other Claims:** Rust affirms that, except for the Action and her Charge filed with the Equal Employment Opportunity Commission, she has not filed with any governmental agency or court any type of action against the Released Parties.

**4.     Tax Indemnity:** Plaintiff acknowledges and agrees that Defendant has made no representations to her regarding the tax consequences of any amounts received by her pursuant to this Agreement and agrees to pay all federal and state taxes which are required by law to be paid by her with respect to the settlement proceeds. Plaintiff agrees that, in the event that any tax, penalty or liability of any kind is assessed against or incurred by Defendant by reason of the payments described in Section 1 (except any liability assessed solely because of Defendant's failure to pay the amounts due in Section 1 or Defendant's failure to pay required payroll taxes), Plaintiff will fully and completely indemnify and hold harmless Defendant (and any of the Released Parties) from any liability, claim, judgment, attorneys' fees, expenses, and costs incurred by any Released Party in connection with the tax treatment of any of the payments and/or the method utilized to make any of the payments in Section 1.

**5.     Court Approval:** This settlement is contingent upon Court approval. The Parties consent to the U.S. District Court for the Northern District of Georgia retaining jurisdiction to enforce the terms of this Agreement.

**6.     No Admission of Liability:** Defendant does not admit any liability, this settlement does not constitute an admission of liability in any way, and Defendant is settling this case for the purpose of avoiding continued litigation.

**7.     Neutral Reference:** Defendant agrees to provide Rust with a neutral reference consisting of job title and dates of employment only, provided Rust directs all requests for a reference from the Company to the Company's HR Service Center at 404-785-4747. The Company is not responsible for statements made by Company personnel if prospective employers contact anyone at the Company other than the HR Service Center.

**8.     Counterparts and Electronic Signatures:** This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed agreement and which together shall be deemed to be one and the same instrument. An electronic signature, or facsimile or copy of a signature, shall be treated as an original signature for all purposes.

**9.     Knowing and Voluntary Waiver:** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**10. Choice of Law; Continuing Jurisdiction:** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia without giving effect to the principles of conflicts of laws thereof regardless of whether any party is, or may hereafter be, a resident of another state. Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement for the purpose of the administration and enforcement of this Agreement, which the parties hereby request.

**11. Amendments/Modifications:** No modification, or amendment of the terms of this Agreement by any Party shall be valid or binding unless in writing, signed by all of the Parties.

**12. Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

**13. No Third-Party Beneficiaries:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that none of the Parties have sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand, or legal right that is the subject of this Agreement. This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

**14. Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects addressed herein.

**15. Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

**16. Interpretation:** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

**17. Effective Date:** This Agreement shall become effective upon the entry of the Court's Approval Order on the Parties' Motion; however, the date of execution by Plaintiff shall be the effective date of the Agreement for the purposes of determining the date of the release in Section 2 above.

**18. Signatories:** Each person executing this Agreement, including execution on behalf of the corporate defendant, warrants and represents that such person has the authority to do so.

By: _/s/ Vanessa Pascale Rust_
Vanessa Pascale Rust

Dated: 3/29/22

Children's Healthcare of Atlanta, Inc.

By: _/s/ Jessica Braunst_

Title: Sr. Asst. Gen Counsel

Dated: 3/29/22